UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:

                Chapter 7

IVONNE WINER,                              Case No. 08-40476-ess

                Debtor.

---------------------------------------------------------------x

# MEMORANDUM DECISION ON MOTION FOR RELIEF FROM STAY

Appearances:

Manuel Portela, Jr., Esq.                          Ivonne Winer
350 Broadway (10th Floor)                    *Debtor, pro se*
New York, New York 10013
*Attorney for Movant Lina Portela*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of Lina Portela a/k/a Leopoldina Portela (the "Landlord") for relief from the automatic stay pursuant to Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned bankruptcy case.

## JURISDICTION

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1), and 157(b)(2)(G).

## BACKGROUND

On January 29, 2008, Ivonne Winer, the above-captioned debtor (the "Debtor"), filed a petition for relief under Chapter 7 of the Bankruptcy Code. Docket No. 1. On February 14, 2008, the Landlord, filed a motion seeking an order confirming the absence of the automatic stay pursuant to Section 362(b)(22) of the Bankruptcy Code, or in the alternative, granting the Landlord relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code with respect to the property at 141-35 82nd Drive, 1st floor, Briarwood, NY 11435 (the "Premises") (the "Landlord's Stay Relief Motion"). Docket No. 11. The Landlord also filed an Affidavit in Support of Motion to Confirm Absence of Automatic Stay (the "Affidavit in Support"), sworn to on February 12, 2008. Docket No. 28.

On March 4, 2008, a hearing was held on the Landlord's Stay Relief Motion at which the Landlord's attorney appeared and was heard and the Debtor did not appear. Docket Entry dated March 4, 2008. At that hearing, the Court granted the Landlord's Stay Relief Motion and directed the Landlord's attorney to submit a proposed order. *Id*.

Before that proposed order was entered, the Debtor filed a motion to reconsider the Landlord's Stay Relief Motion on grounds that she did not receive notice of the Landlord's Stay

Relief Motion (the "Debtor's Request for Reconsideration").  Docket No. 14.  On March 14, 2008, the Court issued an order scheduling a hearing on the Debtor's Request for Reconsideration for March 26, 2008.  Docket No. 17.

On March 20, 2008, Manuel Portela, Jr., the Landlord's attorney, filed an Affirmation in Opposition to the Debtor's Motion to Reconsider (the "Affirmation in Opposition") stating that, among other things, the Landlord's interest in the Premises is not adequately protected and that granting the Debtor's Request for Reconsideration and further delaying eviction proceedings would unduly prejudice the Landlord.  Docket No. 23.  The Affirmation in Opposition also states that the Debtor defaulted in her rent payments in the second month of possession and only made rent payments thereafter when they were "required and part of a Court Order or Stipulation entered into during a proceeding brought by the Landlord."  Affirmation in Opposition ¶¶ 11-12. In addition, the Affirmation in Opposition states that "[s]ince Debtor filed the instant bankruptcy petition, [the] Landlord has not received any payments for arrears or rent that has become due from Debtor or the purported Co-Lessee."  Affirmation in Opposition ¶ 19.

On March 26, 2008, a hearing was held on the Debtor's Request for Reconsideration at which the Landlord's attorney and Mateo Winer, the co-lessee, appeared and were heard, and the Debtor did not appear.  Docket Entry dated March 26, 2008.  On that same day, the Court issued an Order granting the Landlord interim adequate protection, adjourning the Landlord's Stay Relief Motion to April 17, 2008, and continuing the automatic stay pending the April 17, 2008, hearing (the "Adequate Protection Order").  Docket No. 24.

As the record reflects, the Adequate Protection Order directed, among other things, that as adequate protection pending the resolution of this matter, the Debtor and Mateo Winer shall,

jointly and severally, tender $1,100, in certified funds or postal money order, representing use and occupancy due for February 2008, to be received by the Landlord by 5:00 p.m. on April 4, 2008, and the Debtor and Mateo Winer shall, jointly and severally, tender $1,100, in certified funds or postal money order, representing use and occupancy due for March 2008, to be received by the Landlord by 5:00 p.m. on April 11, 2008. *Id.*

On April 6, 2008, the Landlord filed a notice of default indicating that the Debtor had not complied with the terms of the Adequate Protection Order in that she had not tendered the payment representing use and occupancy due for February 2008 (the "Notice of February Default"). Docket No. 25. One week later, on April 13, 2008, the Landlord filed a notice of default indicating that the Debtor had not complied with the terms of the Adequate Protection Order in that she had not cured the prior default for use and occupancy due for February 2008 and that she had not tendered the payment representing use and occupancy due for March 2008 to be received by the Landlord by 5:00 p.m. on April 11, 2008 (the "Notice of March Default"). Docket No. 26.

On April 17, 2008, the Debtor faxed to the Court an order dated March 12, 2008, from the Supreme Court of the State of New York, Appellate Term, 2nd and 11th Judicial Districts, in the case of *Leopoldina Portela v. Mateo Weiner and "John Doe" and "Jane Doe"* (N.Y. Sup. Ct. App. Term No. 2006-1623 Q C March 12, 2008) (the "Appellate Term Order"). Docket No. 33. The Appellate Term Order vacated and reversed without costs an order of the Civil Court of the City of New York, Queens County, entered October 12, 2006, and granted the tenant's motion to vacate the default final judgment entered against him. Appellate Term Order at 1.

Also on April 17, 2008, a hearing was held on the Landlord's Stay Relief Motion, at

which the Debtor appeared telephonically and was heard and the Landlord's attorney appeared and was heard. Docket Entry dated April 17, 2008.

## DISCUSSION

The filing of a bankruptcy petition under any chapter of the Bankruptcy Code triggers a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §§ 362(a)(3), (a)(6).

The automatic stay is a fundamental debtor protection designed to promote equal treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which drove the debtor into bankruptcy. *Eastern Refractories Co. v. Forty Eight Insulations Inc.,* 157 F.3d 169, 172 (2d Cir. 1998). Notwithstanding this statutory protection, the court may modify the automatic stay for cause, including lack of adequate protection. 11 U.S.C. § 362(d)(1). In order to lift the stay on this basis, the burden is on the movant to make an initial showing of cause. Where such a prima facie case has not been made, the court should deny relief. *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990).

<u>*Grounds for Relief from the Automatic Stay – Section 362(b)(22)*</u>

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") established certain new limitations on the scope and extent of the protections afforded by the automatic stay. As amended, Section 362(b) of the Bankruptcy Code states:

> The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay . . .

> (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor . . .

11 U.S.C. § 362(b)(22).

> Section 362(l) was also added to the Bankruptcy Code by BAPCPA, and states:
>
> Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that–
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l).

Here, the record shows that according to the lease agreement between the Debtor, Mateo Winer, and the Landlord with respect to the Premises, the lease expired on March 31, 2007. Landlord's Stay Relief Motion, Exh. A (Lease Agreement). *See* Affidavit in Support ¶¶ 4-5. The record also shows that on April 25, 2007, the Landlord filed a Notice of Holdover Petition in the Civil Court of the City of New York, County of Queens, and that court granted a judgment for possession in favor of the Landlord and against the Debtor and Mateo Winer on July 26, 2007. Landlord's Stay Relief Motion, Exh. C (Judgment for Possession). *See* Affirmation in Opposition ¶ 13; Affidavit in Support ¶¶ 6-7, 11. And the record shows that the Landlord obtained a judgment for possession of the Premises against the Debtor and Mateo Winer before

the Debtor commenced this bankruptcy case by filing her petition under Chapter 7. Landlord's Stay Relief Motion, Exh. C (Judgment for Possession). *See* Affirmation in Opposition ¶ 13; Affidavit in Support ¶¶ 7, 11. Finally, the record shows that the Debtor did not file a certification with her petition, nor did she deposit with the Clerk of the Court any rent that would become due during the 30-day period after the filing of the bankruptcy petition. *See* Affirmation in Opposition ¶¶ 17-18; Affidavit in Support ¶¶ 12-13.

For all of these reasons, and based on the entire record, the Court concludes that by operation of Section 362(b)(22) of the Bankruptcy Code, the filing of this bankruptcy petition does not operate as a stay of the continuation of the Landlord's eviction proceedings against the Debtor and Mateo Winer.

*Grounds for Relief from the Automatic Stay – Section 362(d)(1)*

Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). Section 362 of the Bankruptcy Code does not describe the boundaries of "adequate protection," but Section 361 provides examples of what may constitute adequate protection. 11 U.S.C. § 361. *See In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001). These examples include "periodic cash payments" to protect against any decrease in the value of a party's interest in property. 11 U.S.C. § 361(1). Several courts have held that "a Landlord's right to timely payment of post-petition rent is an interest in property entitled to adequate protection." *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. at 404 (citing cases). *See Oligbo v. Louis (In re Oligbo)*, 328 B.R. 619, 651 (Bankr. E.D.N.Y. 2005).

Here, the record shows that the Debtor and Mateo Winer were directed by the Adequate Protection Order to make adequate protection payments for the months of February 2008 and March 2008. Adequate Protection Order at 2. The record also shows that the Debtor has not complied with the terms of the Adequate Protection Order. Notice of February Default; Notice of March Default.

For all of these reasons, and based on the entire record, the Court concludes that under Section 362(d)(1) of the Bankruptcy Code, the Landlord's interest in the Premises is not adequately protected. For the same reasons, the Landlord has established cause for relief from the automatic stay.

*Grounds for Relief from the Automatic Stay – Section 362(d)(2)*

Section 362(d)(2) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . . ." 11 U.S.C. § 362(d)(2). Both elements of Section 362(d)(2) must be satisfied in order for the court to grant relief from the automatic stay. *See Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 886 (2d Cir. 1996); 3 COLLIER ON BANKRUPTCY ¶ 362.07[4] (15th ed. rev. 2007).

As stated by one bankruptcy court, "[a] debtor can have no equity in an expired lease nor can it be considered necessary to an effective reorganization." *In re Owens*, 30 B.R. 399, 403 (Bankr. S.D.N.Y. 1983). And the Supreme Court has held that property is only necessary to an effective reorganization where "the property is essential for an effective reorganization that is in prospect" and there is a "reasonable prospect for a successful rehabilitation within a reasonable

time." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988). As a matter of law, Chapter 7 of the Bankruptcy Code does not provide the Debtor with an opportunity to conduct a reorganization. *See, e.g.*, *B.N. Realty Assocs. v. Lichtenstein*, 238 B.R. 249, 258 (S.D.N.Y. 1999) ("Since a Chapter 7 petition does not contemplate reorganization, the only issue in a Chapter 7 case under 362(d)(2) would be whether a tenant's lease gave him equity in the property."); *Powers v. American Honda Fin. Corp.*, 216 B.R. 95, 97 (N.D.N.Y 1997) (noting that "in a Chapter 7 liquidation case, effective reorganization is irrelevant" for the purposes of 362(d)(2)).

Here the record shows that, under the terms of the Debtor's lease of the Premises, the lease expired on March 31, 2007, which was almost ten months before the Debtor commenced this case by filing her bankruptcy petition on January 29, 2008. Landlord's Stay Relief Motion, Exh. A (Lease Agreement). *See* Affidavit in Support ¶¶ 4-5. The record also shows that a warrant of eviction was issued before this case was filed. Landlord's Stay Relief Motion, Exh. D (Decision Granting Order to Show Cause to Vacate Judgment); Affirmation in Opposition ¶ 14; Affidavit in Support ¶ 8. As a consequence, the Debtor does not have equity in the Premises. And by bringing this case under Chapter 7 of the Bankruptcy Code, the Debtor has elected not to seek to reorganize, since "a Chapter 7 petition does not contemplate reorganization." *B.N. Realty Assocs.*, 238 B.R. at 258.

For all of these reasons, and based on the entire record, the Court concludes that under Section 362(d)(2) of the Bankruptcy Code, the Debtor has no equity in the premises, and the Premises is not necessary to an effective reorganization. For the same reasons, the Landlord has established additional grounds for relief from the automatic stay.

*Grounds for Relief from the Automatic Stay – The Sonnax Factors*

Neither Section 362(d)(1) of the Bankruptcy Code nor its legislative history sets forth a definition of what may be "cause" for relief from the automatic stay. As the Second Circuit has recognized in *In re Sonnax Industries, Inc.*, neither Section 362(d)(1) nor its legislative history defines "cause." *In re Sonnax Industries, Inc.*, 907 F.2d at 1285. There, the Second Circuit identified several factors to be considered in determining whether modification of the automatic stay is appropriate to allow a lawsuit or proceeding to continue in another forum. These often-cited factors include:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Industries, Inc.*, 907 F.2d at 1286.

"Not all of these factors will be relevant in every case." *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999). A court need not give equal weight to each factor and need not employ all of the *Sonnax* factors, but may instead apply only those factors which are appropriate. *Id.*; *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). The decision to grant or deny relief from the automatic stay is committed to the discretion of the bankruptcy judge. *In re Sonnax Industries, Inc.*, 907 F.2d at 1286.

Here, the record shows that the Debtor and the Landlord are pursuing litigation in the courts of New York State with respect to the Premises and may initiate additional proceedings in those courts. Viewed against the factors set forth by the Second Circuit in *In re Sonnax Industries, Inc.*, the record further shows that several of the *Sonnax* factors lend support to the Landlord's request for stay relief. These include, among others, the interests of judicial economy and the expeditious and economical resolution of litigation and whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.

For all of these reasons, and based on the entire record, the Court concludes that under Section 362(d)(1) of the Bankruptcy Code, the Landlord has shown cause for relief from the automatic stay based on the criteria set forth in *In re Sonnax Industries, Inc.*

## CONCLUSION

Based on the entire record, after consideration of the submissions and the arguments of counsel and the parties, and for the reasons set forth herein, the Landlord's Stay Relief Motion is granted. An order in accordance with this Memorandum Decision will be entered simultaneously herewith.

Dated: Brooklyn, NY
       May *13*, 2008

>                                *S/Elizabeth S. Stong*
>                                ELIZABETH S. STONG
>                                UNITED STATES BANKRUPTCY JUDGE